JAMES H. REES, Administrator, etc., *et al.*, Plaintiffs in Error, *v.* JAMES H. EAMES *et al.*, Defendants in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

Where a sheriff, entrusted with an execution, called on the defendants for payment, which was promised, but afterwards refused; which execution was lost, so that it could not be returned by the sheriff, and he paid the amount he was commanded to make; the law will imply a promise on the part of the defendants in execution to refund to the sheriff the amount which he has paid.

The remedy by a sheriff against parties for whom he has paid money by virtue of his office, will depend upon the good or bad faith of his conduct.

THE declaration in this case was as follows :

For that, whereas, the said James Andrew, in his lifetime, in the year 1855, was sheriff in and for the county of Cook, in the State of Illinois, and so being such sheriff, and while such sheriff, there came into his hands as such sheriff, to be executed, a certain *fieri facias* or execution, wherein one Thomas J. Hunt was plaintiff and the said James H. Eames and John A. Patmor, impleaded with William Carroll, were defendants, and which said writ was duly issued out of the clerk's office of the Circuit Court of the county of Kane, and State of Illinois, under the seal of the said court, and in and by which said writ, the said James Andrew, sheriff of Cook county, as aforesaid, was commanded of the goods and chattels, lands and tenements of the said James H. Eames and John A. Patmor, defendants, to make the sum of five hundred and twenty-six dollars and twenty-five cents damages, and twelve dollars and seventy-five cents costs of suit, and which said writ so delivered as aforesaid, to the said James Andrew, sheriff as aforesaid, and while in the hands of the said sheriff, James Andrew, and before the same or any part thereof had been paid and collected, and before the said goods and chattels, lands and tenements of the said defendants, or either of them, had been levied upon and seized upon, under and by virtue of the said writ, and long before the expiration of the said writ, the said writ was lost while so being in the possession of the said James Andrew, sheriff as aforesaid, and the said James Andrew so being sheriff as aforesaid, was unable to find the said writ, and was unable to proceed thereon and collect the same in the lifetime of the said writ, and then and there the time for the collection of the said money, under and by virtue of said writ of and from the said defendants expired, and the said James Andrew, so being such sheriff as aforesaid, then and there became and was, by reason thereof, liable to pay the said Thomas J. Hunt, the plaintiff in said execution, the amount of the said execution against the said defendants, and so

being liable, to relieve himself from liability and save himself from damages, afterwards, and after the expiration of said writ, to wit, on the 27th day of September, A. D. 1855, at Chicago, in the county of Cook aforesaid, while such sheriff as aforesaid, paid, laid out and expended the sum of five hundred and twenty-six dollars and twenty-seven cents to the said Thomas J. Hunt, plaintiff as aforesaid, in said execution, in full, for the amount, principal, interest and costs then due and owing said Thomas J. Hunt for and upon account of said execution and for the said defendants.

And the said plaintiffs further aver that the said James Andrew in his lifetime, and while the said execution was in his hands to execute, as such sheriff, and before the loss thereof, as hereinbefore averred, the said James Andrew, so being such sheriff as aforesaid, demanded of the said defendants the amount of said execution, and which said amount the said defendants promised to pay, and the said plaintiffs also aver that the said James Andrew, so being such sheriff as aforesaid, and in his lifetime, after the loss of said execution and before the payment of said sum of money as hereinbefore stated, to the said plaintiff in said execution, again demanded of said defendants the payment of the amount of said execution.

Whereby the said defendants became liable to pay the said sum of money so paid as aforesaid, by the said James Andrew, sheriff as aforesaid, to the said James Andrew in his lifetime.

Yet the said defendants, not regarding their said duty, promise and undertaking, have not as yet paid the said sum of money, or any part thereof, to the said James Andrew in his lifetime or to the said plaintiffs, administrators as aforesaid, since the death of the said James Andrew (although often requested so to do), but they so to do have hitherto wholly refused, and still refuse, to pay the same, or any part thereof, to the said plaintiffs, administrators as aforesaid, to the damage of the said plaintiffs, as such administrators as aforesaid, of one thousand dollars, and therefore they bring their suit, etc.

And the said plaintiffs bring into court here the letters of administration of all and singular the goods, chattels and credits whereof the said James Andrew, at the time of his death, granted to the said plaintiffs by the County Court of Cook county, which give sufficient evidence to the said court here of the grant of administration to the said plaintiffs as aforesaid.

To which said declaration the said defendants demurred, and which demurrer was sustained by the court, J. M. WILSON, Judge, presiding. The plaintiffs below then appealed.

ARNOLD, LARNED & LAY, for Plaintiffs in Error.

W. T. BURGESS, for Defendants in Error.

Rees, adm'r, etc. et al. v. Eames et al.

CATON, C. J.  The declaration in this case shows that, by accident, the execution was lost while in the sheriff's hands, and before the return day ; that, before the return day, he called on the defendants in execution and demanded· payment, which they promised but refused to make ; that, in consequence of the loss of the execution, he was unable to return it, according to the exigency of the writ, and hence became liable to pay, and did pay, the amount of the judgment ; that, after the return day of the execution, and before he paid the amount, he again demanded payment of the defendants, who again promised to pay it, but never did.  On this state of facts, the law will imply a promise on the part of the defendants to refund to the sheriff the amount which he has thus paid to satisfy this debt.  The sheriff was not bound to wait till he was sued for not returning the execution.  It is sufficient that he was liable for the amount, and then he had a right to pay it, and save costs.  It is like a surety who voluntarily pays the debt after his liability is fixed. There the law will imply a request on the part of the principal.

The cases where the sheriff has, and where he has not, a remedy against the party whose debt he pays in consequence of omission of some official duty, are very distinguishable, and there can be rarely any difficulty in applying the rule.  Wherever he acts *male fide* he is without remedy.  If he acts in good faith—if he intends to do his duty, and supposes he is doing it—and through inadvertence or accident, he becomes liable, he has his remedy over.  If a sheriff suffer a voluntary escape, he has no remedy against the debtor, for he knew he was neglecting his duty when he suffered the debtor to go at large ; but, in case of an involuntary escape, although he might have guarded the prisoner closer, and was even guilty of negligence or want of proper prudence in not doing so, he has his remedy against the execution debtor, if he thought he was safe.

Here the declaration shows that the sheriff was guilty of no willful misconduct, but that the execution was lost by accident, whereby he was unable to return it.  The defense here insisted upon is an ungracious one, and ought not to be listened to, except where the policy of the law requires that the sheriff should be punished for his misconduct.  Then it is admitted, not for any intrinsic merit in the defense itself, or the party making it, but as an example, and as a punishment, for the misconduct of the officer.  The demurrer to the declaration should have been overruled.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*