## HUNGERFORD VS. SCOTT.

CONTRACT: SALE. *Agent, selling tickets by mistake for less than price, can-not recover difference of purchaser.*

1. Plaintiff, as agent for a steamship company, sold defendant two tickets for the passage from Glasgow to New York, for $33 each, the price being agreed upon at the time, and paid by defendant, who imme-diately sent the tickets to parties in Scotland. Afterward plaintiff discovered that, according to the company's schedule of prices, the tickets should have been sold for $42 each, and applied to defendant to pay the difference, which he refused to do: and when plaintiff threatened to stop or recall the tickets, defendant threatened in that case to sue for damages. Thereupon plaintiff paid the company the excess of the schedule price over the sum received by him, and brought suit for the amount. *Held,* that the facts do not show any cause of action.

2. The further facts that, previous to the purchase, defendant had called at plaintiff's office to inquire the price of tickets from Glasgow to New York, and been told that it was $42, and that the agent was restricted to the schedule rates, do not affect the rights of the parties, there be-ing no claim that defendant practiced any fraud or imposition in the purchase of the tickets.

APPEAL from the Circuit Court for *Portage* County.

*Raymond & Packard,* for appellant, argued that the sale was absolute and for a fixed price, and the vendor was concluded. Had a higher price been asked at the time of said sale it would have been optional with the purchaser to take the ticket, but, if the vendor may increase the price after sale, and vendee has put it out of his power to return the property, then the vendee must purchase *nolens volens.*

*Park & Jones,* for respondent, insisted that in an action for money paid the equity of the transaction will be taken into consideration. Story on Sales, § 153. The case cannot be said to be one of bargain and sale in its legal sense, but is rather one of a party dealing with an agent, and knowing the extent of that agent's authortiy. If the plaintiff had refused to remit this difference of $9.60, his principals would not have been

bound by the price accepted by him from defendant. They could have cancelled the tickets. The plaintiff, who advanced his money to prevent cancellation of the tickets, should by every principle of equity recover it from defendant.

COLE, J. The plaintiff brings this action to recover moneys which he alleges he has advanced for the benefit of the defendant, and which, he claims, the latter is legally and equitably bound to pay.

It appears that the plaintiff, acting as agent for a steamship company, sold the defendant two passenger tickets from Glasgow to New York for $33 each. The price of the tickets was agreed upon at the time, and was paid by the defendant, and the tickets delivered to him. After the defendant had forwarded the tickets to parties in Scotland, the plaintiff discovered that he had made a mistake according to the schedule of prices furnished him by the company, and applied to the defendant to pay the difference, which the defendant refused to do. By the schedule the price of a ticket from Glasgow to New York was $42. The plaintiff threatened to stop the tickets or to recall them, but the defendant told him he would sue for damages if he did. Finally the plaintiff paid the company the difference between the amount received and the schedule price, and seeks to recover the money in this action. There was testimony which tended to show that previous to the purchase the defendant had called at plaintiff's office to inquire in regard to the price of tickets from Glasgow to New York, and was told it was $42, and that the agent was restricted to the schedule rates. We cannot see, however, if this were true, that it can affect the question, or possibly change the rights of the parties.

Now, upon the facts above stated, the question arises, Will the law imply a promise or obligation on the part of the defendant to make good the difference to the plaintiff between the amount paid and the schedule price? The counsel for the

plaintiff insists that such a promise will be implied, notwithstanding the defendant has always denied his liability and has expressly refused either to pay or to promise to pay this difference.

We confess we are unable to perceive upon what ground this obligation or duty arises. There is no claim that the defendant practiced any fraud or imposition in the matter of purchasing the tickets. He seems to have acted in entire good faith, and paid the plaintiff the price asked and agreed upon at the time of the purchase and sale. Why, then, should he be compelled to make good the agent's mistake in respect to the price, if mistake there was? He never agreed to pay $42 for a ticket, and *non constat* that he would have purchased at that price. The mistake was simply that of the agent in selling below the schedule rates. Now suppose a clerk in a store should sell a piece of goods for less than the price marked ; could he call upon the purchaser to make good the difference, after discovering his error? It seems to us he could not. And why is not the sale of the tickets in the present case governed by the same rules which are applied to the supposed contract? In principle there is no room for distinction between the cases. It is said that the defendant must have known that the tickets were delivered to him under the belief that a full price had been paid, and that he refused to return them when notified of the mistake. But it clearly appears that the defendant purchased at the price asked by the agent, and immediately sent them by mail to Scotland. It was not in his power to return the tickets when demanded. Indeed, if there was no valid binding sale of the tickets at the price agreed upon, then it is impossible to say that any contract was entered into between the parties ; for there was no meeting of minds or assent to purchase on any other terms.

The conclusion we have reached is, that the judgment of the circuit court must be reversed, and the complaint dismissed.

*By the Court.* — It is so ordered.