[S. F. No. 2639.   Department Two.—December 14, 1901.]

WEBSTER TREAT and CHARLES S. YOUNG, Appellants, v. A. W. CRAIG, Respondent.

ACTION BY GRANTEES AGAINST MORTGAGOR—PAYMENT OF DEFICIENCY JUDGMENT—RECOVERY OF MONEY PAID—PLEADING.—A complaint in an action by grantees, claiming under a mortgagor, to recover from the mortgagor, as principal debtor, the amount of a deficiency judgment rendered against the mortgagor and the plaintiffs, and collected from the plaintiffs, which shows that the mortgage debt was not assumed upon conveyance by the mortgagor, and that the mortgagor was primarily liable therefor, states a cause of action to recover the money so paid.

ID.—JUDGMENT NOT IMPEACHED—PAYMENT NOT VOLUNTARY.—The action does not involve an impeachment of the joint judgment for the deficiency, and the plaintiffs are not prevented thereby from showing that the deficiency judgment rendered against them was for the sole debt of the mortgagor; nor was the payment of the judgment by the plaintiffs, to prevent a sale of their property under execution, a voluntary payment, which would preclude an action to recover the amount thereof from the mortgagor.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion.

Edward A. Holman, and Judson M. Davis, for Appellants.

J. H. Smith, for Respondent.

COOPER, C.—Appeal from judgment. The sole question here is, as to the ruling of the court below in sustaining defendant's demurrer to the amended complaint.

The complaint states, in substance, that, in July, 1891, defendant conveyed the premises described in the complaint to one Snook. At the time of the conveyance, the premises were incumbered by a mortgage, given by defendant to one Kelsey, to secure his promissory note for $2,800. Snook did not assume nor agree to pay the said note and mortgage. He afterwards conveyed to one McDonald, who conveyed to plaintiffs. While plaintiffs were the owners of the premises, one Dunning, to whom the note and mortgage had been assigned by Kelsey, began a foreclosure suit. In the foreclosure suit the plaintiffs and the defendant were made parties, and the complaint contained a prayer for a deficiency judgment against them, provided the proceeds of the foreclosure sale should not be sufficient to pay the amount found due on the promissory note and mortgage, according to its terms. Neither the plaintiffs nor the defendant appeared in said suit, and their default was duly entered. A judgment and decree of foreclosure was accordingly made, which decree provided for a deficiency judgment, as prayed, against the plaintiffs and the defendant, in case the proceeds of the sale should not be sufficient to satisfy the demand of plaintiff in the foreclosure suit. After sale of the premises under the decree, there remained a deficiency of $595.05, for which sum judgment was duly entered and docketed against the plaintiffs and the defendant, said judgment to bear interest from date, at the rate of seven per cent per annum. This deficiency judgment was entered in November, 1898, and became final. It remained unpaid; and, in July, 1900, a writ of execution was issued thereon against plaintiffs and defendant, and, in order to protect their property from seizure and sale thereunder, plaintiffs paid the sum in full. Defendant did not repay the amount so paid by plaintiffs, and this action is for the purpose of recovering the amount so paid by plaintiffs, with interest thereon, at the legal rate. The court erred in sustaining the demurrer. The deficiency judgment was for the debt of the defendant, and for a balance due upon his promissory note. The plaintiffs were not liable therefor, and if they had appeared in the foreclosure suit, they no doubt could have pre-

vented any deficiency judgment from being entered against them. They did not appear, however, and while the result was that a judgment was entered against them, which became final as to the plaintiff in the foreclosure suit, and which they were compelled to pay, it was none the less a judgment upon the debt of defendant alone. By the negligence of the plaintiffs, in not appearing and presenting their defense in the foreclosure suit, they became bound by the deficiency judgment. The court had jurisdiction of the parties and of the subject-matter. They have not attempted to impeach the judgment as to the plaintiff in the foreclosure proceedings. They had the right to expect that defendant would pay his own debt. It may be that they were ignorant of their rights, or that they did not think but that the property would sell for sufficient to pay the amount, or, if not, that defendant would pay it. They are not to be now prevented from showing that the deficiency judgment was for the sole debt of defendant, and that defendant is liable to them. Defendant has not paid it, and to pay it to plaintiffs, instead of to the plaintiff in the foreclosure suit, cannot place him in any worse position. He had ample time to pay it before execution was issued, had he so desired; but as he did not do so, and as the plaintiffs were compelled to pay it, he must now repay it to them. They are not mere volunteers. To pay a judgment in order to prevent the sale of their property on execution is not a voluntary payment. The deficiency judgment made plaintiffs and defendant jointly liable for such deficiency. The defendant was the party primarily liable, and the plaintiffs are entitled to maintain the action. (Civ. Code, sec. 1432; Code Civ. Proc., sec. 709; *Williams* v. *Riehl,* 127 Cal. 369.[1])

It was said by the supreme court of Indiana, in speaking of a case in which the surety could have successfully interposed a defense, and did not do so: ''Our decision on this point is, that the fact that the appellant might have successfully resisted the enforcement of the note does not of itself deprive him of a right to contribution from those who occupied toward him the relation of co-sureties. . . . Payment of the note did not injuriously affect the rights of the appellees, for they, as subsequent parties, were bound, although the appellant might have escaped liability had he stood upon his legal right, and

[1] 78 Am. St. Rep. 60.

hence his adoption of the note did them no injury." (*Houck v. Graham*, 106 Ind. 195.[1])

In this case, the facts upon trial may show that the judgment was correctly entered against plaintiffs, or that defendant has a valid defense, but, upon its face, the complaint states a cause of action.

We advise that the judgment be reversed and the cause remanded, with directions to the court below to overrule the demurrer.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrer.

McFarland, J., Temple, J., Henshaw, J.