MARYLAND CASUALTY CO. *v.* H. A. MOSS & SON, INC.

1. INSURANCE—WORKMEN'S COMPENSATION—CONTRACTS.

   In workmen's compensation insurer's action of assumpsit against employer for compensation for which insurer became liable after termination of policy by its terms but before statutory notice of termination had been filed, liability of insurer must be determined from the whole contract hence expiration date as fixed by policy does not necessarily terminate insurer's liability as of that date and remit it to employer (2 Comp. Laws 1929, § 8460).

2. ASSUMPSIT — WORKMEN'S COMPENSATION — INSURANCE — MONEY PAID.

   Action of assumpsit by workmen's compensation insurer against employer for sum statute required insurer to pay after date of expiration as set forth in unrenewed policy but before statutory notice of termination had been filed is on theory of implied promise because employer, in equity and good conscience ought to repay insurer (2 Comp. Laws 1929, § 8460).

3. WORKMEN'S COMPENSATION—INSURANCE—STATUTES—CONTRACTS.

   Statutory provision relative to filing notice of termination of workmen's compensation insurance policy is not independent of such contract but required by statute to be inserted in the voluntary agreement of the parties (2 Comp. Laws 1929, § 8460).

4. MONEY PAID—VOLUNTEER—EQUITY.

   Action for money paid does not lie in favor of a mere volunteer since there must be a relationship out of which one is required to pay a debt which the other ought to pay and the circumstances must be such as to raise controlling equities in favor of the payor or against the real debtor.

5. SAME—NEGLIGENCE.

   One required to pay by reason of the fault of another may have a right of action for money so paid but if his liability to pay arises out of his own negligence or misconduct and without fault of the other he may not recover, though negligence will not always bar recovery.

6. SAME—EQUITY.

In balancing equities in action of assumpsit for money paid,
account must be taken of different relationships, *i. e.*, a com-
pensated insurer which assumes and agrees to pay the debt of
another without reimbursement is not in the same position as a
noncompensated surety with secondary liability or one without
contractual obligation to pay but required to do so through
fault of another.

7. INSURANCE—MONEY PAID—WORKMEN'S COMPENSATION.

Payment of claim for workmen's compensation by insurer, not
arising during term of policy under which it agreed to pay
without reimbursement, but in accordance with its agreement
to pay claims until statutory notice of termination was filed
*held*, in action of assumpsit against employer for money paid,
to create no equity in insurer since its liability arose because
of its own failure to exercise option to terminate its policy,
a fault in no way attributable to insured employer who had
not, at time of accident, either renewed policy, taken out other
insurance or made arrangements to carry its own risk and re-
ported plaintiff as insurer (2 Comp. Laws 1929, § 8460).

8. MONEY PAID—INSURANCE—UNJUST ENRICHMENT.

Unjust enrichment of employer, insured under workmen's com-
pensation policy, by reason of insurer's payment of claim
arising after expiration of term of policy and before statutory
notice of termination thereof had been filed, being in the
amount of unpaid premium is insufficient to support action of
assumpsit for money paid in the sum of the award (2 Comp.
Laws 1929, § 8460).

WIEST, EDWARD M. SHARPE, and TOY, JJ., dissenting.

Appeal from Wayne; Moll (Lester S.), J. Sub-
mitted January 15, 1936. (Docket No. 82, Calendar
No. 38,752.) Decided June 16, 1936.

Assumpsit by Maryland Casualty Company, a
Maryland corporation, against H. A. Moss & Son,
Inc., a Michigan corporation, to recover sums paid
to one of defendant's employees for workmen's com-
pensation. Judgment for plaintiff. Defendant ap-
peals. Reversed without a new trial.

*Mason, Davidson & Mansfield,* for plaintiff.

*Seymour J. Frank (Norman Rom,* of counsel), for defendant.

Toy, J. *(dissenting).* Plaintiff issued to defendant a workmen's compensation insurance policy covering defendant's liability under the workmen's compensation act, effective July 19, 1929, and continuing for a period of one year thereafter. The policy terminated by its terms on July 19, 1930, and was not renewed. Plaintiff failed, however, to give notice of such termination to the department of labor and industry until after an employee of the defendant had been injured during the course of his employment. The employee was injured on January 23, 1932, and died as a result on January 24, 1932.

Defendant filed a compensable report of such injury with the department of labor and industry, naming the plaintiff as its insurer. An award was made by a deputy commissioner on March 29, 1932, granting compensation to the widow and minor children of the deceased employee in the sum of $18 per week for a period of 300 weeks from January 24, 1932, together with the sum of $200 for last sickness and burial expenses. This award was later affirmed by the department of labor and industry. Plaintiff made part of the required payments under this award and brought this action in assumpsit to recover from defendant the money so paid. After trial in the circuit court without a jury, the circuit judge found for plaintiff, and judgment was entered for it in the sum of $3,444.97. Defendant appeals therefrom.

Defendant contends that the workmen's compensation policy issued by plaintiff on July 19, 1929, did

not expire until 10 days after February 29, 1932, when it alleges notice of termination of the policy was served by plaintiff on the department of labor and industry. Defendant bases its contention on the provisions of a "rider" attached to the policy, known as "Michigan compensation endorsement," and which contained the following provision, among others, as required by 2 Comp. Laws 1929, § 8460:

"Notwithstanding any language elsewhere contained in this contract or policy of insurance, the insurance company or organization issuing this policy hereby contracts and agrees with the insured employer: * * * (f) That it will file with the industrial accident board,* at Lansing, Michigan, at least ten days before the taking effect of any termination or cancellation of this contract or policy, a notice giving the date at which it is proposed to terminate or cancel this contract or policy; and that any termination of this policy shall not be effective as far as the employees of the insured covered thereby are concerned until ten days after such notice of such proposed termination or cancellation is received by the said industrial accident board.* "

The statute compels the insertion of the foregoing provision in each workmen's compensation insurance policy issued in this State. This provision does not prevent the termination of the contract as to the employer, for it provides that,

"Any termination of this policy shall not be effective *as far as the employees* of the insured covered thereby are concerned, until ten days after such notice of such proposed termination or cancellation is received by said industrial accident board."

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312.—Reporter.

While under certain circumstances, not here involved, the statutory provision may be for the benefit of the employer, without doubt, this provision is for the especial benefit of the employee. *Zakrzewski* v. *American Box Board Co.,* 256 Mich. 26; *Gratopp* v. *Carde Stamping & Tool Co.,* 216 Mich. 355.

Plaintiff, not having given notice of termination of the policy, continued, by virtue of the above statutory provision contained in the contract of insurance, liable to the employee.

But this did not affect the rights of the insurer and employer (plaintiff and defendant) *inter sese.* As far as they were concerned, between themselves, the policy had expired July 19, 1930. The policy so stated, and we do not see that the statutory provision, relative to notice of termination, supersedes the definite agreement between the parties. Because the statute requires a contract provision protecting employees is no reason for holding that such provision extends the coverage of the policy between the contracting parties for a longer term than that covered by its express terms.

We hold that as between the insurer and the employer, in the instant case, the contract of insurance was terminated July 19, 1930, and no renewal being made, it was therefore not in existence, *inter se,* on January 23, 1932, when defendant's employee was fatally injured.

We come then to the next serious question before us: Can the plaintiff (insurer) recover from the defendant (employer) the amount it has been obliged to pay the dependents of the deceased employee, after the contract of insurance has expired between the parties, but where such payments to the dependents of the employee were made because

of the statutory provision incorporated in such contract—a provision required for the protection of the employee? Defendant contends for the negative. Its counsel in their brief say:

"This is an action in assumpsit and under the circumstances it must be predicated upon a contract express or implied, both of which require the assent of the appellant (employer) to the obligation sought to be fastened upon it."

It cannot be questioned but that the workman's compensation act fixes the liability of the employer to the employee or his dependents for injuries sustained by the employee under stated circumstances. This liability is a primary one and is upon the employer. He may indemnify himself against it, or carry his own risk, as he may elect. Should he elect to be insured against this liability, he contracts therefor, and as we have hereinbefore pointed out, that contract must contain certain statutory provisions for the protection of the employee. When that contract terminates, the employer is still liable to the employee. Except for the required statutory provisions protecting the employee, the liability of the insurer ceased when the insurance policy expired.

As we have pointed out, the contract of insurance, in the instant case, between the plaintiff and defendant terminated on July 19, 1930. As between these parties therefore the liability under the workman's compensation act rested again solely in defendant. The award made by the department of labor and industry to the dependents of the deceased employee was properly against both the employer and insurer —against the employer because of its primary liability under the act—against the insurer because it

had failed to give notice of termination as required by the statutory provision contained in the policy. But for this provision, no liability would have attached to the insurer. Yet this liability upon the part of the insurer was not as a result of contract between it and the employer. It existed merely because of the intent of the act to protect the employee. The insurer was required to pay the award, because by the statutory provision it had not been released as to the employees of defendant. However, in all good conscience and fair dealing it was the debt of the employer. Had the employer desired insurance against this liability, it could have renewed its policy with plaintiff, or secured another insurer; not having done either, the debt became the employer's. Although the award was paid by plaintiff, there was no contractual liability upon it to make such payment. It was not a voluntary quittance. There was no consideration paid by defendant to plaintiff therefor. It was paid only because such defrayment was required for the protection of the employee. In all equity, it was the employer's debt. Having paid the debt of another, under these circumstances, may the plaintiff recover in an action of assumpsit? We answer in the affirmative.

Mr. Justice WIEST, speaking for the court in *Cascaden* v. *Magryta,* 247 Mich. 267, said:

"There are two kinds of implied contracts: one in fact, and the other implied in law. The first does not exist unless the minds of the parties meet, by reason of words or conduct. The second is *quasi* or constructive, and does not require a meeting of minds, but is imposed by fiction of law, to enable justice to be accomplished, even in case no contract was intended.

"In order to afford the remedy demanded by exact justice and adjust such remedy to a cause of

action, the law sometimes indulges in the fiction of a *quasi* or constructive contract, with an implied obligation to pay for benefits received."

Another instructive opinion on this subject, wherein the difference between constructive or *quasi*-contracts and implied contracts is pointed out, is found in *Woods* v. *Ayres,* 39 Mich. 345 (33 Am. Rep. 396). See, also, *Hoyt* v. *Paw Paw Grape Juice Co.,* 158 Mich. 619, and cases therein cited.

In the instant case, the statute compels the plaintiffs to pay the debt of defendant. Without the statute there would be no duty to make such payment. Plaintiff having performed the duty and paid, there was in existence then a consideration in addition to the duty. From this the law, by its legal fiction, presumes a promise to have been made. The reasoning contained in 6 R. C. L. p. 589, may be here applied:

"There must always be the fact of a consideration outside of and in addition to the statute or rule of law; and the promise is implied rather from the consideration than from the statute. The statute or the rule establishes the duty, but the consideration raises the implied promise to perform that duty. For instance, where one town has been compelled to expend money in the necessary support of a pauper who belongs to another town, there is an implied promise by the latter town to pay the former one, because the former has paid money which the latter ought to have paid. To be sure, without the statute there would be no duty to perform. But the existence of the duty does not of itself raise any implied promise to perform it. There being a consideration in addition to the duty, the conditions exist from which the law presumes a promise to have been made."

In the case at bar, the plaintiff paid money under compulsion of law, which should have been paid by

defendant, and which, *ex æquo et bono,* it ought to repay. *Kuchenmeister* v. *Dusza,* 218 Mich. 497. The duty and the consideration being present, the law will constructively supply the promise.

The judgment should be affirmed, with costs to plaintiff.

WIEST and EDWARD M. SHARPE, JJ., concurred with TOY, J.

FEAD, J.   I cannot agree with Mr. Justice TOY.

We will pass the claims of defendant that the policy was in full force at the time of the accident, because of failure of plaintiff to file notice of termination with the department, *Hamberger* v. *Wolfe-Smith Co.,* 205 App. Div. 739 (200 N. Y. Supp. 803); or to give notice of termination to defendant; or by reason of estoppel; or otherwise. We will accept the expiration date as July 19, 1930. But acceptance does not mean holding that all contractual liability of plaintiff for compensation of defendant's employees ceased at the expiration date and then was remitted to defendant. Its liability must be found from the whole contract.

The action is for "money paid" by plaintiff, under compulsion of law, for the use and benefit of defendant. There having been no promise by defendant to reimburse plaintiff, the theory of the action is that the law implies a promise because, in equity and good conscience, defendant ought to repay plaintiff. It is in effect a suit in assumpsit on an equitable cause of action.

It is held that an insurer may recover from the employer money paid by it on an award, where the employer has violated a policy provision for notice to the insurer of the accident (*Wisconsin Michigan Power Co.* v. *General Casualty & Surety Co.,* 252

Mich. 331 [76 A. L. R. 1]; *Lumbermen's Mutual Casualty Co.* v. *Bissell,* 220 Mich. 352 [28 A. L. R. 874]), or breached an agreement that explosives shall not be kept on the premises (*Janes Contracting Co.* v. *Home Life & Accident Co.* [Tex. Civ. App.], 245 S. W. 1004), or disregarded a clause that no person under legal age shall be employed (*Gise* v. *Fidelity & Casualty Co. of New York,* 188 Cal. 429 [206 Pac. 624, 22 A. L. R. 1476]). These cases, however, are not in point because, in them, the theory of recovery was breach of contract.

In *United States Fidelity & Guaranty Co.* v. *Taylor,* 132 Md. 511 (104 Atl. 171), the insurer recovered in an action for money paid. The policy, as understood by the parties, covered only employees engaged in transporting mail and passengers. The employer engaged also in road construction work and both he and the insurer understood that the policy did not cover his employees therein. In fact, plaintiff's agent urged defendant to take a policy covering the road employees, but he refused to do so. However, the industrial accident commission, under the policy and statute, made an award for an accident to a road employee, running against and binding upon both employer and insurer. The court held, as a matter of law, that the policy did not cover the road employees and permitted recovery for money paid under compulsion. It will be noted that the insurer was compelled to pay a claim which was wholly foreign to its contract with the employer and that the blame for the situation was that of the employer and not of the insurer.

The instant case presents a wholly different situation and no decisions in point have been found.

The gist of the case is in the language of the policy:

" (f) That it will file with the industrial accident board,* at Lansing, Michigan, at least ten days before the taking effect of any termination or cancellation of this contract or policy, a notice giving the date at which it is proposed to terminate or cancel this contract or policy; and that any termination of this policy shall not be effective as far as the employees of the insured covered thereby are concerned until ten days after such notice of such proposed termination or cancellation is received by the said industrial accident board.* "

The statute does not impose this provision on the parties independently of their contract. It requires them to make it a part of the policy. Consequently, it is a contractual provision upon which they have voluntarily agreed.

There is ground for the argument that the liability of the insurer under this provision is an integral part of the insurance for which the insured has paid the premium and is as much a part of the liability assumed by the insurer for the benefit of the employer as any other obligation in the policy. However, we do not rest decision on that ground.

The action for money paid does not lie in all cases where one pays the debt of another. There must be a relationship out of which one is required to pay a debt which the other ought to pay. So a volunteer may not recover. 2 R. C. L. p. 776. And the circumstances must be such as to raise controlling equities in favor of the payor or against the real debtor. While one may have a right of action if he is required to pay by reason of the fault of the other (*Van Santen* v. *Standard Oil Co.*, 81 N. Y. 171), it is held he may not recover if his liability to pay arises

---

.* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312.—REPORTER.

out of his own negligence or misconduct and without fault of the other (*Hungerford* v. *Scott,* 37 Wis. 341; *Harris* v. *Champion,* 4 N. J. Law, 152), but negligence will not always bar recovery (*Treat* v. *Craig,* 135 Cal. 91 [67 Pac. 7]; *Rees* v. *Eames,* 20 Ill. 282 [71 Am. Dec. 267]; 41 C. J. p. 13).

In balancing the equities, account must be taken of the difference in relationships. A compensated insurer, which assumes and agrees to pay the debt of another without reimbursement, does not occupy the same position as a noncompensated surety, whose obligation is secondary, or one who has no contractual obligation to pay but is caught in the web of circumstances through the fault of another.

The case presents no equities in favor of plaintiff for reimbursement. An insurance company writes its own policies, knows their contents and has the ability and organization to protect itself. For premiums accepted by it as full consideration, plaintiff agreed to pay the compensation claims of defendant's employees without reimbursement by defendant, arising during the term of the policy. In addition, it agreed to pay the claims of employees arising thereafter until it should file proper notice of termination. Its continued liability after the term was due to its own breach of express provision of the contract that it should file the notice. Also, it had the option to terminate its liability at any time by giving the notice. Its failure to terminate its liability was its own fault and in no way attributable to the defendant. The situation is very analogous to that of voluntary payment.

Nor do the equities run against defendant. While, legally, the policy may have terminated on July 19th, the conduct of the parties does not indicate definitely and certainly that they so understood it.

Plaintiff did not give the notice of termination which it doubtless would have given had it conceived the policy to be at an end. Defendant evidently thought the policy continued in force because it refused a policy in another company upon the ground it was satisfied with plaintiff's and it reported plaintiff as its insurer at the time of the accident. From our present detached position we can see where both made mistakes. But it is the function of equity to relieve from mistakes under proper circumstances.

If plaintiff had performed its contract duty to notify the department of termination of the policy, the situation at bar could not have arisen. Plaintiff's obligation would have ceased. The department would have notified defendant, and it would have been compelled to obtain new insurance or make a showing of its own financial ability to carry the risk without insurance. It is fair to accept defendant's statement that it would have obtained a new policy because insurance had been its method of carrying compensation risks and insurance is the usual method. Few employers do or can carry their own compensation risks.

Consequently, plaintiff's performance of its own contract duty to give the notice would have resulted in defendant's obtaining other insurance and being relieved of the compensation liability by paying a premium. Defendant, therefore, has been unjustly enriched to the amount of such premium, not in the sum of the award.

It is conceivable that, under some circumstances, the compulsion of an insurer to pay may be so disassociated from its contract obligations to the insured as to raise a new relationship which would give it a claim for reimbursement. But, ordinarily, the fair conception would be that a continuance of

the obligations under a policy beyond its expiration date would be contemplated by the parties to be on the same terms as the original assumption of liability, *i. e.,* the payment of premiums, and the insurer's recovery would be confined to premiums earned. But where the continuance of the obligation is due solely to the fault of the insurer and not at all to the fault of the insured, even the claim for premiums might be groundless.

If plaintiff were seeking to recover premiums to the time of notice to the department, it is possible that, upon consideration of all the circumstances of the case (which are not herein fully set out), it might be entitled to judgment therefor. But upon the cause of action presented, it is not entitled to recover, and judgment for plaintiff is reversed, with costs, and without new trial.

NORTH, C. J., and BUTZEL and BUSHNELL, JJ., concurred with FEAD, J. POTTER, J., took no part in this decision.