FEDERAL KEMPER INSURANCE COMPANY v THE WESTERN
INSURANCE COMPANIES

Docket No. 44335. Submitted February 5, 1980, at Grand Rapids.—
Decided April 24, 1980.

Donald Krzesowiak was injured while a passenger in a vehicle driven by Jon F. Smith who was insured with Federal Kemper Insurance Company and Federal Mutual Insurance Company. The Western Insurance Companies insured Donald's brother, with whom Donald was domiciled at the time of the accident. Both parties refused payment upon the premise that the other was primarily liable under the no-fault insurance statute. The Federal companies finally agreed to provide benefits and then either to arbitrate or litigate the legal issues with Western. The Federal companies paid $9,914.15, with an expected exposure of over $10,000. Western refused to assume responsibility or to provide benefits. The Federal companies brought an action against Western in Presque Isle Circuit Court. Accelerated judgment for defendant on the ground that the action was barred by the one-year statute of limitations for recovery of personal protection benefits in the no-fault act and summary judgment for defendant for failure to state a claim upon which relief could be granted was granted, Joseph P. Swallow, J. Plaintiffs appeal. *Held:*

1. The proper action in this case is one in equity for subrogation. An insurer becomes subrogated to the rights of an insured

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance §§ 1841, 1842.

[2] 44 Am Jur 2d, Insurance § 1826.
   Right to subrogation, as against primary insurer, of liability insurer providing secondary insurance. 31 ALR3d 1324.

[3] 61 Am Jur 2d, Pleading § 229 *et seq.*
   73 Am Jur 2d, Summary Judgment § 29.

[4] 44 Am Jur 2d, Insurance §§ 1826, 1849.
   Right to subrogation, as against primary insurer, of liability insurer providing secondary insurance. 31 ALR2d 1324.

[5] Am Jur 2d New Topic Service, No-Fault Insurance § 9.
   Validity and construction of no-fault automobile insurance plans. 42 ALR3d 229.

where it pays a claim and its liability is arguably secondary to that of a primary insurer. The no-fault act does not preempt plaintiffs' claim for equitable relief as subrogees.

2. Plaintiffs pleaded sufficient facts to state a claim for subrogation as the complaint reasonably informed defendant of the cause it must defend.

3. Where an insurance company becomes subrogated to a claimant's cause of action against another insurance company, it is a real party in interest and an action by one insurer against the other is entirely proper. Plaintiffs were real parties in interest.

4. A subrogated insurer is merely substituted for its insured. Since the insured's action was barred by the one-year statute of limitations, it would be inequitable to afford a subrogated insurer the benefit of a more liberal statute of limitations for an action in quasi-contract. Defendant denied liability *ab initio* and never gave plaintiffs or the insured any reason to believe it would pay the claim. Yet plaintiffs allowed almost three years to elapse before filing suit. Accelerated judgment was properly granted.

Affirmed.

1. DEBTOR AND CREDITOR — MONEY PAID — DEBT OF ANOTHER — VOLUNTEERS — RELATIONSHIP TO DEBT — CONTROLLING EQUITIES.

An action for money paid does not lie in all cases where one pays the debt of another; a volunteer may not recover because there must be a relationship out of which one is required to pay a debt which the other ought to pay and the circumstances must be such as to raise controlling equities in favor of the payer or against the real debtor.

2. INSURANCE — MONEY PAID — SUBROGATION.

An insurer becomes subrogated to the rights of the insured where it pays a claim and its liability is arguably secondary to that of a primary insurer; resorting to subrogation in such an instance is the preferable method of handling the dispute because it permits an injured person to recover for his injuries without delay while the insurers thereafter iron out their respective liabilities.

3. PLEADING — SUMMARY JUDGMENT — SUFFICIENCY OF COMPLAINT.

A complaint is sufficient to resist a motion for summary judgment where it reasonably informs a defendant of the nature of the cause which must be defended.

4. Insurance — Claims — Defense and Settlement — Subroga-
    tion — Parties in Interest — Actions Between Insurers.

   An insurance company which defends a claimant and pays a
   settlement becomes subrogated to the claimant's cause of action
   against another insurance company on that claim; it is a real
   party in interest and the action by one insurer against the
   other is entirely proper.

5. Insurance — Automobiles — No-Fault — Limitations of Ac-
    tions — Subrogation — Equity.

   The no-fault act does not state specifically whether the one-year
   statute of limitations for bringing an action is applicable to a
   subrogation claim by an insurer; however, a subrogee acquires
   no greater rights than those of his subrogor and a subrogated
   insurer is merely substituted for its insured and where the
   insured's action would have been barred by the one-year stat-
   ute it would be inequitable to afford a subrogated insurance
   company the benefit of a more liberal statute of limitations for
   an action in quasi-contract.

*Carpenter, Fenner, Barney & Hoffman,* for
plaintiffs.

Before: Danhof, C.J., and R. B. Burns and Mac-
Kenzie, JJ.

Per Curiam. Plaintiffs appeal as of right from
an order of the trial court entered March 21, 1979,
granting defendant accelerated judgment under
GCR 1963, 116.1(5) on the ground that the instant
action was barred by the one-year statute of limi-
tations for recovery of personal injury protection
benefits in the no-fault act, MCL 500.3145; MSA
24.13145, and summary judgment under GCR
1963, 117.2(1) for failure to state a claim upon
which relief can be granted.

The lawsuit herein arose out of a one-car acci-
dent which occurred on October 2, 1973. In that
accident, Donald Krzesowiak was injured while a
passenger in a vehicle driven by plaintiffs' insured,

Jon Forrest Smith, now deceased. According to plaintiffs, defendant was also potentially liable as the primary insurer since it insured Donald Krzesowiak's brother with whom Donald was domiciled at the time of the accident. Initially, both parties refused payment upon the premise that the other was primarily liable under the no-fault insurance statute, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* After both parties were contacted by the Michigan Insurance Commissioner, plaintiffs agreed to provide benefits and then either arbitrate or litigate legal issues with defendant. Thus far, plaintiffs allege they have paid $9,914.15 in personal injury protection benefits and expect to pay additional benefits, so that the total will exceed $10,000. Although plaintiffs demanded that defendant assume responsibility for payment of benefits, as defendant continued to refuse to provide benefits, plaintiffs filed the instant action on September 29, 1976.

The first issue is whether the trial court erred in granting defendant summary judgment on the grounds that the no-fault act preempts plaintiffs' claim for equitable relief, that plaintiffs have not alleged sufficient facts to maintain an action in quasi-contract and that plaintiffs are not the real parties in interest.

In *Maryland Casualty Co v H A Moss & Son, Inc,* 276 Mich 219, 229-230; 267 NW 819 (1936), a worker's compensation insurer tried unsuccessfully to recover in an action of quasi-contract against the employer for money paid to an injured employee after the insurer had given the employer notice that it was terminating the insurance contract. There the Court recognized the following principles as limiting recovery in an action for unjust enrichment:

"The action for money paid does not lie in all cases where one pays the debt of another. There must be a relationship out of which one is required to pay a debt which the other ought to pay. So a volunteer may not recover. 2 RCL p 776. And the circumstances must be such as to raise controlling equities in favor of the payor or against the real debtor. While one may have a right of action if he is required to pay by reason of the fault of the other *(Van Santen v Standard Oil Co,* 81 NY 171), it is held he may not recover if his liability to pay arises out of his own negligence or misconduct and without fault of the other *(Hungerford v Scott,* 37 Wis 341; *Harris v Champion,* 4 NJ Law, 152), but negligence will not always bar recovery *(Treat v Craig,* 135 Cal 91 [67 Pac 7] *Rees v Eames,* 20 Ill 282 [71 Am Dec 267]; 41 CJ p 13)."

In balancing the equities in the instant case, we are not blind to the fact that though plaintiffs are trying to recover for personal injury benefits they paid under the no-fault act, they are bringing the instant action in quasi-contract solely to avoid the one-year statute of limitations in the act, MCL 500.3145(1); MSA 24.13145(1).

Further recognizing our discretion in granting equitable relief, we believe the proper action here is one in equity for subrogation. In *Farmers Ins Group v Progressive Casualty Ins Co,* 84 Mich App 474, 484; 269 NW2d 647 (1978), this Court held that where an insurer, whose liability is arguably secondary to that of a primary insurer, pays the claim, it becomes subrogated to the rights of the insured. Under these circumstances the Court held that a separate suit for "indemnification"[1] is the preferable method of handling the dispute "since

---

[1] Although the Court in *Farmers Ins Group, supra,* stated in certain portions of the opinion that plaintiff's claim was for "indemnification", we believe the term "subrogation" more accurate since plaintiff's cause of action was clearly the latter. See generally 6A Appleman, Insurance Law and Practice, §§ 4051-4057.

the injured person recovers for his injuries without delay while the insurers thereafter iron out their respective liabilities".

Although plaintiffs in their complaint did not mention the term "subrogation", they pleaded sufficient facts to state a claim for subrogation as the complaint reasonably informed defendant of the nature of the cause it must defend. See *Wynn v Cole,* 68 Mich App 706, 712-713; 243 NW2d 923 (1976). Therefore, the trial court erred in granting summary judgment under GCR 1963, 117.2(1) for failure to state a claim upon which relief can be granted. Alternatively, plaintiffs should have been allowed to amend their complaint under GCR 1963, 118 to plead subrogation.

The trial court also erred in holding that plaintiffs cannot institute this lawsuit because they are not the real parties in interest under GCR 1963, 201.2. In a comparable situation in *Farmers Ins Group, supra,* this Court held that where one insurance company defended the claimant and paid the settlement, it was subrogated to her cause of action against the other insurance company and the action by one insurer against the other was entirely proper.

The next issue is whether the trial court erred in granting accelerated judgment for defendant on the ground that plaintiffs did not file the instant action within the one-year statute of limitations in the no-fault act, MCL 500.3145(1); MSA 24.13145(1). The section does not state specifically whether it is applicable to a subrogation action by an insurer.

In *Davis v Farmers Ins Group,* 86 Mich App 45, 48; 272 NW2d 334 (1978), this Court held that the provision created a one-year statute of limitations and stated that the provision does not unduly

restrict access to the courts, but rather "its effect is to encourage those with a claim against their insurance company to bring the matter to court while it is fresh. It differs from statutory notice provisions which trap unwary litigants who have claims which are brought within the time limited, but without proper notice".

Because we have decided that plaintiffs' action is more properly denominated a claim for subrogation, we note the principle, set forth by the court in *Northwestern Mutual Ins Co v Jackson Vibrators,* 402 F2d 37, 40 (CA 6, 1968), that:

"A subrogee acquires no greater rights than those possessed by his subrogor and the subrogated insurer is merely substituted for his insured. Couch on Insurance 2d, § 61.36; Indemnity Ins Co of North America v Otis Elevator Co, 315 Mich 393, 24 NW2d 104, 71 ALR 266 (1946). This is true whether subrogation is equitable or conventional as in the instant case pursuant to a clause in the insurance contract. General Acc F & L Assur Corp, Ltd v Finegan & Burgess, Inc, 351 F2d 168 (6th Cir, 1965), Hardware Dealers Mutual Insurance Co v R H Hidey, Inc, 349 Mich 490, 84 NW2d 795 (1957)."

See also *Foremost Life Ins Co v Waters,* 88 Mich App 599, 603; 278 NW2d 688 (1979).

In *Home Ins Co v Rosquin,* 90 Mich App 682; 282 NW2d 446 (1979), this Court held that where an insurance company had paid property protection insurance benefits to its insured but did not sue defendant for subrogation within the one-year statute of limitations in MCL 500.3145(2); MSA 24.13145(2), the action was barred. The Court stressed that although this result may appear harsh, the statute is clear and "plaintiff is an insurance company itself and is presumably well aware of the much-publicized insurance law of this state". *Id.,* 686.

In the case at bar, defendant never gave plaintiffs or the insured any reason to believe it would pay the claim; on the contrary, defendant denied liability *ab initio.* Yet plaintiffs allowed almost three years to elapse before filing this lawsuit. It is clear that if the insured had followed this course of procedure, his action would have been barred by the one-year limitation in the statute. In this respect, it would be inequitable to afford plaintiffs the benefit of the more liberal statute of limitations for an action in quasi-contract. Doing so would thwart the legislative intent of the no-fault act to give quick notice of claims and provide prompt payment. Therefore, we hold that the trial judge did not err in granting defendant accelerated judgment on the basis of the one-year limitation in the no-fault statute.

Affirmed.