AUTO-OWNERS INSURANCE COMPANY v BIDDIS

Docket No. 46706. Submitted November 6, 1980, at Lansing.—Decided June 16, 1981.

Diedre Biddis was injured when the automobile in which she was riding, which was owned and was being driven by Michael S. Biddis, was involved in an accident with another vehicle. Since the Biddis vehicle was uninsured, Diedre Biddis filed an application with the Assigned Claims Facility, which, pursuant to statute, assigned the claim to Auto-Owners Insurance Company. Auto-Owners paid personal protection benefits to her. Auto-Owners brought an action in Genesee Circuit Court to recover from Michael S. Biddis the amount of benefits paid plus the costs of handling the assigned claim in accordance with the statutory provision relative to recovery of payments of assigned claims. Plaintiff moved for summary judgment. Harry B. McAra, J., denied the motion for summary judgment, holding that plaintiff was required to plead and prove that defendant was at fault before it would be entitled to recover under the statute. Plaintiff appeals by leave granted. *Held:*

The statutory provision providing that an insured which has paid personal protection benefits on an assigned claim may recover from the owner or registrant of the uninsured motor vehicle those benefits paid and the loss adjustment costs does not require that the insurer prove that the owner or registrant was at fault as a precondition to recovery of such benefits and costs. The trial court, accordingly, erred reversibly in denying plaintiff's motion for summary judgment.

Reversed and remanded.

INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE.

An insurer which has paid, pursuant to the assigned claim provisions of the no-fault motor vehicle insurance act, personal protection insurance benefits for bodily injuries to a person occupying an uninsured vehicle need not show fault attribut-

REFERENCES FOR POINTS IN HEADNOTE

[1] 7 Am Jur 2d (Rev), Automobile Insurance §§ 340, 348.
  Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

able to the owner or registrant of an uninsured motor vehicle in order to recover from such owner or registrant the benefits paid and the loss adjustment costs incurred by the insurer (MCL 500.3177; MSA 24.13177).

*Rubenstein, Pruchnicki & Chittle* (by *Alan M. Smith),* for plaintiff.

*Charles A. Forrest, Jr.,* for defendant.

Before: BEASLEY, P.J., and R. M. MAHER and R. S. HOFFIUS,* JJ.

R. M. MAHER, J. Plaintiff appeals by leave granted the order of the trial court denying plaintiff's motion for summary judgment under GCR 1963, 117.2(2) and 117.2(3).

The facts of this case are not in dispute. On May 23, 1977, a motor vehicle accident involving a car owned and driven by defendant, Michael Stanley Biddis, and a second vehicle driven by Manuel Mello resulted in serious injuries to defendant's passenger, Diedre Ann Biddis. Because defendant's motor vehicle was uninsured, Diedre Biddis filed an application with the Assigned Claims Facility pursuant to § 3172 of the no-fault automobile insurance act. MCL 500.3172; MSA 24.13172. The claim was assigned to plaintiff, Auto-Owners Insurance Company, which paid Diedre Biddis benefits totaling $34,098.98. Plaintiff, seeking to recover this money plus costs in handling the assigned claim pursuant to § 3177 of the no-fault automobile insurance act, MCL 500.3177; MSA 24.13177, commenced this suit against defendant as owner and operator of the uninsured vehicle.

At issue in this case is whether § 3177 allows an insurer who has paid an assigned claim to recover

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the amount paid together with costs incurred from the owner or registrant of the uninsured vehicle without regard to the fault of such owner or registrant. The trial court held that the insurer could not recover without establishing such fault.

The statute clearly makes no reference to fault:

"An insurer obligated to pay personal protection insurance benefits for accidental bodily injury to a person occupying an uninsured motor vehicle or to the spouse or relative resident in the household of the owner or registrant of an uninsured motor vehicle may recover such benefits paid and appropriate loss adjustment costs incurred from the owner or registrant of the uninsured motor vehicle or from his estate. Failure of such a person to make payment within 30 days is a ground for suspension or revocation of his motor vehicle registration and operator's license. An uninsured motor vehicle for the purpose of this section is a motor vehicle with respect to which security as required by sections 3101 and 3102 is not in effect at the time of the accident." MCL 500.3177; MSA 24.13177.

The defendant and the trial court, however, relied on the following isolated passage in this Court's opinion in *McKendrick v Petrucci,* 71 Mich App 200, 206-207; 247 NW2d 349 (1976):

"The owner or registrant of an automobile who does not secure the required coverage is guilty of a misdemeanor, punishable by up to one year imprisonment and up to a $500 fine. MCL 500.3102(2); MSA 24.13102(2). The owner or registrant of an uninsured automobile is also liable to the no fault insurer who pays benefits to a person occupying an uninsured automobile. MCL 500.3177; MSA 24.13177. In providing that the uninsured *tortfeasor* does not have the same immunity that exists when there is insurance coverage, the act creates another significant incentive towards the goal of insurance coverage for all automobiles." (Emphasis added.)

By seizing on this Court's use of the word "tortfeasor", the trial court held that the plaintiff must establish that defendant is a tortfeasor before being entitled to recover under § 3177.

Reliance on *McKendrick* is totally misplaced. The question before us in the instant case was not at issue in *McKendrick,* which instead involved the constitutionality of the no-fault automobile insurance act's partial abolition of tort liability. In its proper context, it is readily apparent that the above-quoted passage expresses three separate and distinct points. At the point at which this quote appears the Court in *McKendrick* was discussing the various incentives to secure no-fault coverage provided in the act. The Court first noted that failure to secure such coverage was a misdemeanor. MCL 500.3102(2); MSA 24.13102(2). Second, the Court noted that an uninsured motorist would be liable to reimburse an insurer for benefits paid to an occupant of the uninsured vehicle by virtue of § 3177. Finally, the Court noted that a third incentive resulted from the fact that an uninsured motorist who was also established to be a tortfeasor with regard to an accident does not enjoy the same degree of immunity under § 3135, MCL 500.3135; MSA 24.13135, as would an insured motorist. Accordingly, the Court's reference to an "uninsured tortfeasor" in the third section of the passage has no connection to the Court's brief recitation of the effect of § 3177 in the second section of the passage. While an uninsured motorist remains liable to injured parties *if* fault is established, § 3177 imposes a more limited liability without regard to fault.

Section 3177 clearly makes no mention of fault. Accordingly, plaintiff was entitled to recover from

defendant as a matter of law and the trial court erred in denying plaintiff's motion for summary judgment.

Reversed and remanded.