AETNA CASUALTY & SURETY COMPANY v COLLINS

Docket No. 70633. Submitted November 20, 1984, at Lansing.—Decided June 19, 1985.

Ellen Vogt was killed when the pick-up truck she was riding in as a passenger collided with an uninsured motor vehicle. The pick-up truck was owned and being driven by Thomas R. Vick, who was insured by plaintiff, Aetna Casualty & Surety Company, and the uninsured motor vehicle was owned and operated by Lee E. Collins, the defendant. As a result of the accident, plaintiff paid $20,000 in personal protection insurance benefits to the estate of Ellen Vogt. Plaintiff filed a complaint in the Genesee Circuit Court against Collins for reimbursement of the PIP benefits it paid. Collins was charged with manslaughter in the incident, and he eventually pled guilty to negligent homicide. He was sentenced to a term of probation and one of the conditions of probation was that Collins make restitution to the estate of Ellen Vogt in the amount of $1,986, to cover funeral expenses. Plaintiff moved for summary judgment under GCR 1963, 117.2(2). The trial court, Harry B. McAra, J., denied the motion for the reason that it considered the reimbursement action barred by the restitution order in the criminal case. Plaintiff appealed by leave granted. *Held:*

An order of restitution as a condition of probation in a criminal case does not act as a bar to the recovery of damages in a civil case arising out of the same incident. Any recovery pursuant to the restitution order should be credited against the civil damages judgment. However, plaintiff alleged a right to summary judgment based on an inapplicable statute. Denial of summary judgment was proper.

Affirmed and remanded.

TORTS — BAR — RESTITUTION.

An order of restitution as a condition of probation in a criminal case does not act as a bar to the recovery of damages in a civil

REFERENCES FOR POINTS IN HEADNOTE

21A Am Jur 2d, Criminal Law §§ 1051-1058.

Propriety of condition of probation which requires defendant convicted of crime of violence to make reparation to injured victim. 79 ALR3d 976.

case arising out of the same incident; however, any recovery pursuant to the restitution order should be credited against the civil damages judgment.

*Gary J. Goodman* and *Jeffrey R. Wales,* for plaintiff.

Before: J. H. GILLIS, P.J., and CYNAR and C. L. BOSMAN,* JJ.

PER CURIAM. Plaintiff insurance company appeals by leave granted from an order denying plaintiff's motion for summary judgment under GCR 1963, 117.2(2).

On August 16, 1979, Ellen Vogt was killed when the pick-up truck she was riding in as a passenger collided with an uninsured motor vehicle at the intersection of Leith and St. James Streets in Flint. The pick-up truck was owned and being driven by plaintiff's insured, Thomas R. Vick, and the uninsured motor vehicle was owned and operated by Lee Collins, the defendant. As a result of the accident, plaintiff paid $20,000 in personal protection insurance (PIP) benefits to the estate of Ellen Vogt.

On June 6, 1981, plaintiff filed a complaint in Genesee County Circuit Court against Collins for reimbursement of the PIP benefits it paid. Collins was charged with manslaughter in the incident, and he eventually pled guilty to negligent homicide. He was sentenced to a term of probation on October 10, 1980, and one of the conditions of probation was that Collins make restitution to the estate of Ellen Vogt in the amount of $1,986, to cover funeral expenses.

Thereafter, plaintiff moved for summary judgment under GCR 1963, 117.2(2). The trial judge

* Circuit judge, sitting on the Court of Appeals by assignment.

denied the motion by order dated February 15, 1983, for the reason that he considered the reimbursement action barred by the restitution order in the criminal case.

On appeal, plaintiff states the issue in the matter as follows:

"Is the no-fault insurance carrier barred from receiving their rights under the No-Fault Act pursuant to MCLA 500.3177 and barred from suing the uninsured motorist for twenty thousand dollars ($20,000) after having paid twenty thousand dollars ($20,000) in uninsured motorist benefits, when the uninsured motorist has been found guilty of negligent homicide in an earlier criminal proceeding and ordered by the trial judge in the earlier criminal proceeding to pay one thousand nine hundred and eighty-six dollars ($1,986) to the insurance company's subrogor for funeral expenses?"

We conclude the answer to the question presented is "No".

A restitution order as a condition of probation pursuant to MCL 771.3(2)(d); MSA 28.1133(2)(d) in a criminal case does not act as a bar to the recovery of damages in a civil action arising out of the same incident. *People v Heil,* 79 Mich App 739, 748; 262 NW2d 895 (1977). Criminal and civil liability are not synonymous; a criminal conviction, in and of itself, does not establish either the existence or the extent of civil liability. *People v Becker,* 349 Mich 476, 480; 84 NW2d 833 (1957).

"Of course, restitution must not be used as a substitute for determination in the proper forum of a defendant's civil liability." *People v Pettit,* 88 Mich App 203, 207, fn 2; 276 NW2d 878 (1979), *lv den* 406 Mich 987 (1979).

However, any civil damages recovered by plain-

tiff pursuant to the restitution order should be credited to him in any civil damage judgment. 22 Am Jur 2d, Damages, § 206, p 287.

Answering the question presented favorably to the plaintiff does not, however, require reversal of the trial court's denial of plaintiff's motion for summary judgment. Plaintiff's motion was predicated on MCL 500.3177; MSA 24.13177 which provides:

"An insurer obligated to pay personal protection insurance benefits for accidental bodily injury to a person occupying an uninsured motor vehicle or to the spouse or relative resident in the household of the owner or registrant of an uninsured motor vehicle may recover such benefits paid and appropriate loss adjustment costs incurred from the owner or registrant of the uninsured motor vehicle or from his estate. Failure of such a person to make payment within 30 days is a ground for suspension or revocation of his motor vehicle registration and operator's license. An uninsured motor vehicle for the purpose of this section is a motor vehicle with respect to which security as required by sections 3101 and 3102 is not in effect at the time of the accident."

Under this statute, only an insurer *"obligated* to pay personal protection insurance benefits * * * *to a person occupying an uninsured motor vehicle or to the spouse or relative resident in the household of the owner or registrant of an uninsured motor vehicle* may recover" the benefits expended. (Emphasis supplied.) Plaintiff has failed to plead that Ellen Vogt was either an occupant of defendant's motor vehicle or a resident of defendant's household. Instead, plaintiff pled that Ellen Vogt was its insured's, Thomas R. Vick's, passenger. Therefore, plaintiff is not entitled to reimbursement of the benefits paid to the estate of Ellen Vogt under MCL 500.3177; MSA 24.13177.

The case of *Auto-Owners Ins Co v Biddis,* 107 Mich App 173; 309 NW2d 192 (1981), cited by plaintiff, is inapposite. That case involved an automobile accident where the person killed was a passenger of an uninsured motor vehicle. See and compare *Auto-Owners Ins Co v Lombardi Food Service, Inc,* 137 Mich App 695; 358 NW2d 923 (1984).

The estate of Ellen Vogt may have a common-law cause of action in tort. The no-fault act did not abolish the tort liability of uninsured motorists. The Court in *Citizens Ins Co of Amercia v Tuttle,* 411 Mich 536, 546-547; 309 NW2d 174 (1981), stated:

"Moreover, subsection (2) [MCL 500.3135(2); MSA 24.13135(2)] abolishes tort liability arising from the ownership, maintenance or use only of vehicles for which the required no-fault insurance or other security has been obtained * * *."

"* * * The non-motorist tortfeasor is the equivalent of the uninsured motorist and should be treated similarly. Both are outside the basic no-fault system of allocating the costs of accidents and both remain subject to tort liability."

Accordingly, we affirm the decision of the trial court and remand the case to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.