(812 P.2d 330)

No. 65,224

JOSEPH M. CREAMER, *Appellee,* v. KANSAS DEPARTMENT OF REVENUE, *Appellant.*

Opinion filed May 24, 1991.

*James G. Keller,* of Legal Services Bureau, Kansas Department of Revenue, of Topeka, for appellant.

*William Grimshaw,* of Grimshaw & Rock, Chartered, of Olathe, for appellee.

Before BRAZIL, P.J., DAVIS and RULON, JJ.

RULON, J.: The Kansas Department of Revenue appeals the determination by the district court that Joseph M. Creamer was entitled to a reinstatement of his suspended driver's license. The issue turns on an interpretation of K.S.A. 1985 Supp. 40-3104(i)(4); now K.S.A. 1990 Supp. 40-3104(j). We conclude that Creamer was not entitled to the reinstatement of his license and reverse the district court's decision.

On April 17, 1986, Creamer was involved in an accident in which Johnny S., his wife Marsha, and their children, J.S. and C.S., were injured. C.S. died of her injuries, but the others recovered. Creamer was convicted of vehicular homicide and his driver's license was revoked in October 1986. In August 1987,

Creamer was placed on probation. As a condition of probation, Creamer was required to pay approximately $29,000 in restitution, which he has since paid.

Creamer applied for and received a driver's license in October 1987, and his driving privileges were formally reinstated in November 1987. On September 27, 1989, the Kansas Department of Revenue, Division of Vehicles, suspended Creamer's driving privileges pursuant to K.S.A. 1985 Supp. 40-3104 (the statute in effect at the time of the accident, since amended). That statute provided that the Secretary of Revenue was to suspend the license of any driver involved in an accident. However, the suspension would not apply:

"(4) to any person who has been released from liability, *has entered into an agreement for the payment of damages,* or has been finally adjudicated not to be liable in respect to such accident. Evidence of any such fact may be filed with the director." (Emphasis added.) K.S.A. 1985 Supp. 40-3104(i).

Creamer sought judicial review of the suspension of his license, claiming that his payment of restitution ordered by the district court in the vehicular homicide case constituted "an agreement for the payment of damages," thereby removing the grounds for suspension. At trial, the Department of Revenue argued that K.S.A. 1985 Supp. 40-3104(i)(4) requires an agreement for the payment of all civil damages recoverable and that a restitution payment in a criminal case will not suffice.

Marsha testified that neither she nor her husband ever brought a civil suit against Creamer, either for their own injuries or on behalf of their deceased child. She also said that J.S. was nine years old at the time of the accident.

The parties agree that the statute of limitations set forth in K.S.A. 60-513 now bars any claims that might be brought by Marsha or Johnny, but that J.S.'s claims will not be time barred until April 17, 1994. The Department of Revenue argued at trial that as long as Creamer remains potentially liable for civil damages arising from the accident, his driver's license should not be reinstated.

The district court found that "defendant has entered into an agreement for the payment of damages pursuant to the requirements of K.S.A. 40-3104." The Department of Revenue was or-

dered to reinstate Creamer's driving privileges. The Department of Revenue timely appealed.

The Department contends that the phrase "has entered into an agreement for the payment of damages" refers to all civil damages that might be recovered. Creamer contends that an agreement to pay some damages, even if not all potentially recoverable, is enough. The phrase "has entered into an agreement for the payment of damages" has been part of K.S.A. 40-3104 since 1979. See L. 1979, ch. 149, § 1; L. 1984, ch. 174, § 2; L. 1986, ch. 182, § 1. There is no meaningful legislative history indicating why this phrase was inserted into the statute and it has never been construed by any Kansas appellate court. The only Kansas case dealing with the phrase is *Barnes v. Kansas Dept. of Revenue*, 238 Kan. 820, 714 P.2d 975 (1986), in which the statute was held constitutional, but the specific issue herein was not discussed.

In essence, the issue we must resolve is whether an order of restitution imposed as a condition of probation in a criminal case constitutes "an agreement for the payment of damages." We must apply principles of statutory interpretation in the absence of any other controlling law. "The fundamental rule of statutory construction is that the intent of the legislature governs. [Citation omitted.] When construing a statute, a court should give words in common usage their natural and ordinary meaning." *Hill v. Hill*, 13 Kan. App. 2d 107, 108, 763 P.2d 640 (1988).

The Kansas Department of Revenue argues that an agreement to pay restitution in a criminal case has no effect on civil liability, and cites several persuasive cases to this effect. Among them is *Aetna Casualty v. Collins*, 143 Mich. App. 661, 663, 373 N.W.2d 177 (1985), in which the Michigan Court of Appeals stated: "A restitution order as a condition of probation . . . in a criminal case does not act as a bar to the recovery of damages in a civil action arising out of the same incident." Previously, in *People v. Heil*, 79 Mich. App. 739, 748, 262 N.W.2d 895 (1977), the Michigan Court of Appeals stated: "The probation statute does not create a substitute for an action for civil damages. Criminal and civil liability are not synonymous. . . . Civil liability need not be established as a prerequisite to the requirement of restitution as a probation condition." In *State v. Fleming*, 125 N.H. 238,

241, 480 A.2d 107 (1984), the Supreme Court of New Hampshire stated: "A victim's right to bring a civil action is not affected by an order of restitution." The Department points out that the restitution was calculated only on the basis of out-of-pocket expenses and did not include any nonpecuniary damages recoverable under civil law.

Creamer admits that the restitution order had no effect on his potential civil liability to J.S. Creamer contends, however, there is no reason to read the words "all civil damages" into K.S.A. 1985 Supp. 40-3104(i). He supports this contention with citation to K.S.A. 40-3102, which states the purpose of the entire Kansas Automobile Injury Reparations Act: "The purpose of this act is to provide a means of compensating persons promptly for accidental bodily injury arising out of the ownership, operation, maintenance or use of motor vehicles in lieu of liability for damages to the extent provided herein." Creamer urges that his payment of restitution furthers the objective of prompt compensation of victims. We also note that the statute contemplates payment for "bodily injury" and not nonpecuniary damages such as pain and suffering.

The district court made the following conclusion of law when called upon to construe the statute in question:

"[T]he plain language of the statute says that a person who has been—who has entered into an agreement for the payment of damages is exempt from the operations of this statute. That does not say a person who has entered into an agreement for payment of all compensable damages, nor does it say a person who has entered into an agreement for the payment of civil damages; it says, 'A person who has entered into an agreement for the payment of damages.'

"The plain language of that statute, I believe, includes the agreement entered into by this defendant in this case, the defendant in a criminal case who enters into an agreement to pay restitution. I believe that that satisfies the language of the statute, and I so hold."

We decline to affirm the district court's holding for two reasons. First, a restitution order in a criminal case is not an "agreement" in the ordinary sense of the word; rather, it is a mandatory condition of probation imposed by a judicial authority. "Agreement" is defined as "the coming together in accord of two minds on a given proposition." Black's Law Dictionary 67 (6th ed. rev. 1990). K.S.A. 21-4610(4) mandates that when granting probation,

"the court shall order the defendant to comply with each of the following conditions: (a) Make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime." Clearly, a restitution order does not constitute an agreement between the court and the defendant.

Second, the other two conditions set forth in K.S.A. 1985 Supp. 40-3104(i) for the reinstatement of a license, a release from liability and an adjudication of no liability, clearly refer only to civil liability. We are convinced the language "has entered into an agreement for the payment of damages" recognized the existence of settlement agreements in civil cases.

We recognize that where a potential plaintiff is a minor, our interpretation of the statute could keep some drivers waiting for years for the return of their licenses. However, this hardship does not persuade us to allow a restitution order in a criminal case to substitute for a settlement agreement in a civil cause of action. Until Creamer has settled his civil liability to J.S. in some way, the Department is within its authority to withhold his license.

Reversed and remanded for further proceedings.