CITIZENS INSURANCE COMPANY OF AMERICA v BUCK

Docket No. 174510. Submitted August 1, 1995, at Detroit. Decided April 5, 1996, at 9:15 A.M.

Citizens Insurance Company of America, as subrogee of Ray and Kathy Bryant, brought an action in the Monroe Circuit Court against Cynthia A. Buck, seeking recovery of no-fault personal protection insurance benefits it paid in connection with the death of the Bryant's minor son, Darrin, after he was struck by an uninsured vehicle owned and driven by the defendant. The court, William F. Lavoy, J., granted summary disposition for the defendant, finding that the action was governed by the wrongful death statute, MCL 600.2922(2); MSA 27A.2922(2), pursuant to which actions shall be brought by, and in the name of, the personal representative of the estate of the deceased person. The court reasoned that the plaintiff, who provided no-fault insurance to the Bryants, and whose policy contained an uninsured motorist clause, even as a subrogee, could not bring the action and, further, that no right of subrogation was created upon the plaintiff's payment of the minor's funeral expenses. The court also based its decision on the plaintiff's lack of payment before expiration of the period of limitation. The plaintiff appealed.

The Court of Appeals *held*:

1. The plaintiff was obligated under the no-fault insurance act to pay the funeral expenses. The plaintiff was entitled, under MCL 500.3135; MSA 24.13135, to recover from the defendant the personal protection insurance benefits that it was contractually obligated to pay. An uninsured motorist may be sued under the no-fault act for the recovery of personal protection insurance benefits that an insurer is obligated to pay.

2. Because the plaintiff seeks to recover for a no-fault benefit it was obligated to pay, its claim was proper under MCL 500.3177; MSA 24.13177. Under the statute, the plaintiff was entitled to bring a direct action. However, the fact that the plaintiff did not bring this action as an indemnification action is not fatal to its claim, because the facts pleaded were sufficient to state a cause of action for subrogation. The plaintiff may amend its complaint to reflect Citizens Insurance Company of America as the party plaintiff in its

correct capacity and that its claim, with respect to the reimbursement of personal protection insurance or other no-fault benefits paid, is being brought under MCL 500.3177; MSA 24.13177. The amendment relates back to the original filing date.

3. The plaintiff is not attempting to prosecute a wrongful death action by way of assignment but, rather, is pursuing equitable subrogation. An action for equitable subrogation is independent of the wrongful death act and is not subject to the requirements and preconditions of a wrongful death action. Subrogation actions arising under the no-fault regime are subject to the six-year period of limitation in MCL 600.5807(8); MSA 27A.5807(8). Here, the cause of action was not time-barred because it was commenced less than three years after the incident.

4. Equitable subrogation is subject to the equitable doctrine of laches, which may allow a shorter, but not a longer, period in which to bring an action than an applicable analogous statutory period of limitation. However, for laches to be invoked, prejudice from the delay must be shown. Here, because the defendant has not shown any prejudice, laches does not bar the plaintiff's action.

5. Although the plaintiff's claim for equitable subrogation was premature, the claim ripened before the judgment of summary disposition was entered, and it relates back to the filing of the complaint.

Reversed and remanded.

1. Insurance — No-Fault Insurance — Automobiles — Personal Protection Insurance Benefits.

An insurer obligated to pay personal protection insurance benefits under the no-fault insurance act is liable to pay benefits for accidental bodily injury, including death, arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle; personal protection insurance benefits include benefits for funeral expenses (MCL 500.3105[1],[3], 500.3107; MSA 24.13105[1],[3], 24.13107).

2. Insurance — No-Fault Insurance — Uninsured Motorists.

An uninsured motorist does not share in the immunity from certain tort liability that applies when no-fault insurance is in effect; an uninsured motorist may be sued under the no-fault act for the recovery of personal protection insurance benefits that an insurer is obligated to pay (MCL 500.3135, 500.3177; MSA 24.13135, 24.13177).

3. CONTRACTS — SUBROGATION.

Subrogation denotes two different kinds of rights: those that are transferred in effect by way of contractual assignment and those that arise by operation of law from the relations of various involved parties under equitable principles.

4. ACTIONS — EQUITABLE SUBROGATION — WRONGFUL DEATH.

An action for equitable subrogation is independent of the wrongful death act and thus is not subject to the requirements and preconditions of a wrongful death action (MCL 600.2922; MSA 27A.2922).

5. INSURANCE — NO-FAULT — ACTIONS — SUBROGATION — LIMITATION OF ACTIONS.

Subrogation actions arising under the no-fault insurance regime are · subject to a six-year period of limitation (MCL 600.5807[8]; MSA 27A.5807[8]).

6. EQUITY — SUBROGATION — LACHES — LIMITATION OF ACTIONS.

Equitable subrogation is subject to the equitable doctrine of laches, which may allow a shorter, but not a longer, period in which to bring an action than an applicable analogous statutory period of limitation; however, because equitable subrogation has no counterpart among common-law actions to which statutes of limitation apply, for laches to be invoked prejudice from delay must be shown.

*Morrison, Mahoney & Miller* (by *Jeffrey R. Learned*), for Citizens Insurance Company of America.

*Nearpass & Hudson* (by *Leslie J. Nearpass*), for the defendant.

Before: MARKMAN, P.J., and WAHLS and F. M. MESTER,* JJ.

MARKMAN, P.J. Plaintiff appeals a Monroe Circuit Court order dated March 30, 1994, granting defendant's motion for summary disposition. We reverse and remand.

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

On December 15, 1990, Darrin Bryant, while riding his bicycle, died after being struck by an uninsured car owned and driven by defendant. At the time of the accident, Darrin was a minor, lived with his parents, Ray and Kathy Bryant, and did not own an insured vehicle. However, this incident was covered under his parents' no-fault insurance policy with plaintiff Citizens Insurance Company of America, which policy contained an uninsured motorist clause. Plaintiff paid $1,750 in funeral expenses to the estate of Darrin Bryant on October 21, 1992.

On December 14, 1993, plaintiff, as subrogee of Ray and Kathy Bryant, filed a complaint against defendant alleging that it had paid $101,750 to Ray and Kathy Bryant under the terms of the insurance policy. On February 16, 1994, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(5), (8), and (10). Among other things, defendant pointed out that plaintiff had not paid $101,750. Plaintiff filed a response to defendant's motion for summary disposition on March 15, 1994. In its response, plaintiff stated that, in addition to the $1,750 already paid, it "will pay" $97,000 to the estate of Darrin Bryant. Subsequently, on March 18, 1994, plaintiff apparently paid the additional $97,000 to the estate of Darrin Bryant.[1]

Following oral arguments, the trial court granted defendant's motion. The trial court found that this action was governed by the wrongful death statute, MCL 600.2922(2); MSA 27A.2922(2), pursuant to

---

[1] Defendant claims on appeal that she is unaware whether or when the $97,000 was paid. However, in her appellate brief, defendant analyzes this case as if it were in fact paid at some point after the expiration of the three-year period of limitation. For purposes of our analysis, we will assume that this payment was made on March 18, 1994.

which actions "shall be brought by, and in the name of, the personal representative of the estate of the deceased person." Thus, plaintiff, even as subrogee of Ray and Kathy Bryant, could not bring this action. The court further found that no right of subrogation was created upon payment of the $1,750 in funeral expenses. The court appeared to adopt the reasoning of defendant that, under MCL 500.3177(1); MSA 24.13177(1), plaintiff had a right of reimbursement, not subrogation. The court further based its decision on the lack of payment before the expiration of the three-year period of limitation.

Plaintiff argues that the trial court erred in holding that plaintiff had no right, via subrogation, to recover from defendant insurance benefits paid to its insureds. Plaintiff claims that the trial court's decision was incorrect for two reasons. First, MCL 500.3177(1); MSA 24.13177(1) does not abrogate an insurer's right to contractual subrogation. Second, plaintiff's contractual right to subrogation is not barred by MCL 600.2922(2); MSA 27A.2922(2).

Appellate review of a motion for summary disposition is de novo. *Kentwood Public Schools v Kent Co Ed Ass'n*, 206 Mich App 161, 164; 520 NW2d 682 (1994).

Plaintiff first claims that, pursuant to the terms of its insurance policy with Ray and Kathy Bryant, it was contractually subrogated to the Bryants' right to recover against defendant. Plaintiff relies on the following language contained in the insurance policy:

> If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right.

However, despite this contractual provision, defendant argues that MCL 500.3177(1); MSA 24.13177(1) applies in this action and does not permit plaintiff to recover as subrogee of Ray and Kathy Bryant.

MCL 500.3177(1); MSA 24.13177(1) provides, in pertinent part:

> An insurer obligated to pay personal protection insurance benefits for accidental bodily injury to a person arising out of the ownership, maintenance, or use of an uninsured motor vehicle as a motor vehicle may recover such benefits paid and appropriate loss adjustment costs incurred from the owner or registrant of the uninsured motor vehicle or from his or her estate.

Under personal protection insurance, an insurer is liable to pay benefits for accidental bodily injury, including death, arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. MCL 500.3105(1), (3); MSA 24.13105(1), (3). Personal protection insurance benefits include benefits for funeral expenses. MCL 500.3107; MSA 24.13107. Thus, under the no-fault act, plaintiff was obligated to pay for the funeral expenses.

If defendant had been properly insured, plaintiff would not have been able to recover this expense from defendant because the no-fault act abolishes certain tort liability when no-fault insurance is in effect. MCL 500.3135; MSA 24.13135. However, an uninsured motorist does not share in this immunity and may be sued under the no-fault act for recovery of personal protection insurance benefits that an insurer is obligated to pay. MCL 500.3177; MSA 24.13177. See *Auto-Owners Ins Co v Biddis*, 107 Mich App 173; 309 NW2d 192 (1981); *Auto-Owners Ins Co v*

*Lombardi Food Service, Inc,* 137 Mich App 695; 358 NW2d 923 (1984). Thus, under this statutory section, plaintiff was entitled to recover from defendant the personal protection insurance benefits that it was contractually obligated to pay.

Defendant is therefore correct in her contention that MCL 500.3177; MSA 24.13177 applies in this action to the extent plaintiff seeks to recover benefits paid for the funeral expenses. The no-fault act provides a comprehensive scheme for payment, as well as recovery, of certain "no-fault" benefits, including personal protection insurance benefits. While the act prohibits recovery of such benefits by insurers in most instances, MCL 500.3135; MSA 24.13135, it specifically permits recovery of such benefits from an uninsured motorist. MCL 500.3177; MSA 24.13177 was one of the measures enacted by the Legislature to ensure that owners and registrants of motor vehicles required to be registered in Michigan obtain the requisite security. *Belcher v Aetna Casualty & Surety Co,* 409 Mich 231, 240-241; 293 NW2d 594 (1980). Thus, given that plaintiff seeks to recover for a no-fault benefit it was obligated to pay, its claim is properly brought under MCL 500.3177; MSA 24.13177.

Under MCL 500.3177; MSA 24.13177, plaintiff was entitled to bring a direct action. However, the fact that plaintiff did not bring this as an indemnification action is not fatal to its claim, because the facts pleaded in the complaint are sufficient to state a cause of action for subrogation. *Federal Kemper Ins Co v Western Ins Cos,* 97 Mich App 204, 208-209; 293 NW2d 765 (1980). In fact, MCL 500.3177; MSA 24.13177 has been referred to as a "subrogation provi-

sion." See *Belcher, supra* at 260, n 33, and *Federal Kemper, supra* at 208, n 1.

MCR 2.118(A)(2) provides for amendment of a pleading "when justice so requires." We find that plaintiff should be entitled to amend its complaint to reflect Citizens Insurance Company of America as the party plaintiff in its correct capacity and that its claim, with respect to reimbursement of personal protection insurance or other no-fault benefits paid, is being brought under MCL 500.3177; MSA 24.13177. Generally, an amendment relates back to the date of the original pleading if the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading. MCR 2.118(D). Given that plaintiff, in its own capacity, has an interest in this action and that the claim under MCL 500.3177; MSA 24.13177 arose out of the "conduct, transaction, or occurrence" set forth in the complaint, we find that plaintiff is entitled to amend its complaint as described and that such amendment should relate back to the original filing date. *Doan v Chesapeake & O R Co*, 18 Mich App 271; 171 NW2d 27 (1969).

Up to this point, we have addressed plaintiff's claim to recover for the funeral expenses paid to the estate of Darrin Bryant. However, plaintiff further seeks recovery of the $97,000 paid in uninsured motorist benefits. Uninsured motorist benefits are distinct from personal protection insurance benefits. Uninsured motorist coverage is not required by statute but may be purchased to provide the insured with a source of recovery for excess economic loss and noneconomic loss if the tortfeasor is uninsured. *Auto-Owners Ins Co v Lydon*, 149 Mich App 643, 648; 386

NW2d 628 (1986); *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 524-525; 502 NW2d 310 (1993). Unlike the situation with respect to personal protection insurance benefits, MCL 500.3177; MSA 24.13177 does not specifically provide for recovery of uninsured motorist benefits paid by an insurer.

Plaintiff asserts a right of subrogation for the uninsured motorist benefits it eventually paid. Defendant argues, and the trial court agreed, that any such right of subrogation implicates a transfer to plaintiff by the decedent's parents or estate of a cause of action for wrongful death. MCL 600.2922; MSA 27A.2922. Defendant agures further that, by virtue of the express terms of the statute creating such a cause of action in derogation of the common law, the claim must be brought by and in the name of the personal representative of the estate. MCL 600.2922(2); MSA 27A.2922(2). Reasoning that a subrogee acquires no greater rights than those possessed by the subrogor, in this case the Bryants, *Federal Kemper Ins Co v Isaacson*, 145 Mich App 179; 377 NW2d 379 (1985), defendant contends that plaintiff runs afoul of the wrongful death statute by attempting to prosecute this action in its own name and for its own interest.

Although, superficially, it may appear that plaintiff Citizens Insurance Company of America here seeks to pursue a surrogate form of action for wrongful death acquired by its payment to decedent's estate pursuant to the provisions of its no-fault policy, including the optional uninsured motorist coverage decedent's parents purchased, this outward appearance is deceiving. Plaintiff is not attempting to prosecute a wrongful death action by way of assignment but, rather, is pursuing equitable subrogation.

"Subrogation" denotes two different kinds of rights, those that are transferred in effect by way of contractual assignment and those that arise by operation of law from the relations of various involved parties under equitable principles. *United States Casualty Co v Bagley*, 129 Mich 70, 73; 87 NW 1044 (1901). Plaintiff in this case seeks equitable subrogation because defendant's conduct has engendered a loss for which plaintiff demands recompense. The doctrine of equitable subrogation rests upon the principle that

"one who, in order to protect a security held by him, is compelled to pay a debt for which another is primarily liable, is entitled to be substituted in the place of and to be vested with the rights of the person to whom such payment is made, without agreement to that effect." [*Tel-Twelve Shopping Center v Sterling Garrett Construction Co*, 34 Mich App 434, 439; 191 NW2d 484 (1971), quoting *French v Grand Beach Co*, 239 Mich 575, 580; 215 NW 13 (1927).]

See also *Old Kent Bank v Detroit*, 178 Mich App 416; 444 NW2d 162 (1989); *Foremost Life Ins Co v Waters*, 88 Mich App 599, 603; 278 NW2d 688 (1979), *rev'd on other grounds* 415 Mich 303; 329 NW2d 688 (1982).

An action for equitable subrogation is independent of the wrongful death act and thus is not subject to the requirements and preconditions of a wrongful death action. *Travelers' Ins Co v Great Lakes Engineering Works Co*, 184 F 426 (CA 6, 1911); 16 Couch, Insurance, 2d (rev ed), § 61:135, p 195.

Indeed, that this subrogation cause of action stands independently from the wrongful death claim is demonstrated by the fact that what plaintiff paid in uninsured motorist benefits to decedent's estate does not in any way diminish the recovery or right of action that might be brought under the wrongful

death statute by the personal representative of decedent's estate. *Squires v Kalamazoo Co Road Comm'rs*, 378 Mich 613, 616; 147 NW2d 65 (1967).[2] This, of course, flows from Michigan's long adherence to the collateral source rule, pursuant to which a tortfeasor may not relieve herself from liability by showing that the victim, or those who claim by virtue of rights acquired through their relationship to the victim, may have received compensation on account thereof from any other source (except payment by a joint tortfeasor).[3]

Defendant further argues that this claim for subrogation is barred by the statute of limitations. However, subrogation actions arising under the no-fault regime are subject to the six-year period of limitation of MCL 600.5807(8); MSA 27A.5807(8). *Transamerica Ins Corp v Blue Cross & Blue Shield of Michigan*, 440 Mich 894; 488 NW2d 221 (1992). Because the suit was commenced less than three years after the incident engendering plaintiff's claim, the cause of action is not time-barred. We thus have no occasion to determine whether the six-year period runs from the date

---

[2] It must also be borne in mind that plaintiff would have had no liability if defendant had fulfilled her statutory obligation to obtain no-fault insurance on her automobile. MCL 500.3102; MSA 24.13102. At the same time, defendant would have enjoyed immunity from liability for no-fault benefits paid by any no-fault insurer, MCL 500.3177; MSA 24.13177, *McKendrick v Petrucci*, 71 Mich App 200, 206-207; 247 NW2d 349 (1976), and would not have had to worry about reimbursement liability for uninsured motorist benefits, because she would have been an insured motorist. As an uninsured motorist, defendant chose to place herself outside the protective shelter of the no-fault system. *Citizens Ins Co of America v Tuttle*, 411 Mich 536; 309 NW2d 174 (1981).

[3] The collateral source rule is in this respect outside the ambit of the prohibition against double recovery by the victim, because the victim is deemed to have paid for the benefits received by way of premium payments. *Wood v Vroman*, 215 Mich 449, 464-465; 184 NW 520 (1921).

of the underlying incident or from the date of payment by the subrogee.

We note that equitable subrogation is, of course, also subject to the equitable doctrine of laches, which may allow a shorter, but not a longer, period in which to bring an action than an applicable analogous statutory period of limitation. *Lothian v Detroit*, 414 Mich 160, 169-170; 324 NW2d 9 (1982). However, because equitable subrogation has no counterpart among common-law actions to which statutes of limitation apply, for laches to be invoked prejudice from delay must be shown. *Id.* No cognizable prejudice to her ability to have a fair trial on the merits, nor any intervening change of position in justifiable reliance on plaintiff's failure to initiate suit earlier, has been claimed or proved by defendant, however. Accordingly, laches does not bar the action.

Finally, although the claim for equitable subrogation was premature when the complaint was filed, because no payment had then been made by plaintiff under the uninsured motorist clause of its policy of insurance, *Earl Dubey & Sons, Inc v Macomb Contracting Corp*, 97 Mich App 553; 296 NW2d 582 (1980), the claim ripened before the judgment of summary disposition was entered, and it relates back to the filing of the complaint, MCR 2.118(D). The claim may thus be properly litigated to conclusion in this proceeding. MCR 1.105.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.