# STATE OF MICHIGAN

# COURT OF APPEALS

---

TITAN INSURANCE COMPANY,

        Plaintiff-Appellant,

v

AMERICAN COUNTRY INSURANCE
COMPANY,

        Defendant-Appellee,

and

SAFE ARRIVAL TRANSPORTATION and
SHONNISE WOODS,

        Defendants.

FOR PUBLICATION
September 15, 2015
9:05 a.m.

No. 319342
Wayne Circuit Court
LC No. 12-014301-NF

---

BRONSON METHODIST HOSPITAL,

        Plaintiff-Appellee,

v

TITAN INSURANCE COMPANY,

        Defendant-Appellee.

and

AMERICAN COUNTRY INSURANCE
COMPANY,

        Defendant-Appellant.

No. 321598
Kalamazoo Circuit Court
LC No. 2013-000463-AV

---

Before: RONAYNE KRAUSE, P.J., and GLEICHER and STEPHENS, JJ.

RONAYNE KRAUSE, P.J.

-1-

This consolidated appeal stems from motor vehicle accidents involving uninsured drivers. At issue is which insurance providers are responsible for the claims in issue. In Docket No. 319342, the Wayne Circuit Court granted defendant American Country Insurance Company's (American Country) motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). Plaintiff Titan Insurance Company (Titan) appeals as of right. In Docket No. 321598, the Kalamazoo Circuit Court affirmed the district court's decision granting judgment in favor of Titan against American Country.[1] American Country appeals by leave granted. *Bronson Methodist Hosp v Titan Ins Co*, unpublished order of the Court of Appeals, entered September 29, 2014 (Docket No. 321598). We reverse in Docket No. 319342 and affirm in Docket No. 321598.

In Docket No. 319342, Stanley Hughes was injured in a motor vehicle accident while operating a van owned by and registered to Safe Arrival Transportation, which is in the business of transporting passengers. The van was uninsured. Hughes, an independent contractor for Safe Arrival, did not have a personal no-fault policy. Titan was assigned to handle Hughes's claim. Titan thereafter filed suit against American Country, which insured another vehicle owned by Safe Arrival, asserting that American Country is the higher priority insurer and that Titan was entitled to reimbursement from American Country. The parties filed cross-motions for summary disposition, each asserting that the other was the higher priority insurer. Following oral argument, the trial court granted American Country's motion and denied Titan's. Titan moved for reconsideration, which the trial court denied.

In Docket No. 321598, George Slack was injured in a motor vehicle accident while driving a van for Bronco Express Company, a taxi service company. Slack did not have a personal insurer. The van was uninsured, but American Country insured other vehicles owned by Bronco Express. Slack was treated at Bronson Methodist Hospital, which later sought reimbursement. The claim was assigned to Titan, but Titan denied it, asserting that American Country was responsible for the claim under the no-fault act, MCL 500.3101 *et seq.*, because it insured other vehicles owned by Bronco Express. However, American Country also denied the claim. Bronson thereafter filed suit in district court against Titan and American Country, and Titan cross-claimed against American Country. American Country then moved for summary disposition. The district court held that American Country was responsible for the claim. American Country then appealed in the circuit court, which affirmed the district court's holding. American Country moved for reconsideration, which the court denied.

At issue in this case is the priority of insurers under MCL 500.3114, a question of statutory interpretation, which this Court reviews de novo. *Vitale v Auto Club Ins Ass'n*, 233 Mich App 539, 542; 593 NW2d 187 (1999). That statute provides as follows:

---

[1] Disputed claims involving Bronson Methodist Hospital are not at issue in this appeal, as this Court granted Bronson's motion to be dismissed as a party to the appeal. *Bronson Methodist Hosp v Titan Ins Co*, unpublished order of the Court of Appeals, entered June 12, 2015 (Docket No. 321598).

(1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. A personal injury insurance policy described in section 3103(2) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motorcycle accident. When personal protection insurance benefits or personal injury benefits described in section 3103(2) are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and is not entitled to recoupment from the other insurer.

(2) A person suffering accidental bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle. This subsection does not apply to a passenger in the following, unless that passenger is not entitled to personal protection insurance benefits under any other policy:

(a) A school bus, as defined by the department of education, providing transportation not prohibited by law.

(b) A bus operated by a common carrier of passengers certified by the department of transportation.

(c) A bus operating under a government sponsored transportation program.

(d) A bus operated by or providing service to a nonprofit organization.

(e) A taxicab insured as prescribed in section 3101 or 3102.

(f) A bus operated by a canoe or other watercraft, bicycle, or horse livery used only to transport passengers to or from a destination point.

(3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

(4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the vehicle occupied.

(b) The insurer of the operator of the vehicle occupied.

(5) A person suffering accidental bodily injury arising from a motor vehicle accident which shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the motor vehicle involved in the accident.

(b) The insurer of the operator of the motor vehicle involved in the accident.

(c) The motor vehicle insurer of the operator of the motorcycle involved in the accident.

(d) The motor vehicle insurer of the owner or registrant of the motorcycle involved in the accident.

(6) If 2 or more insurers are in the same order of priority to provide personal protection insurance benefits under subsection (5), an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority, together with a reasonable amount of partial recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among all of the insurers.

Generally, pursuant to MCL 500.3114(1), a person must seek PIP benefits from his own insurer. *Farmers Ins Exch v Farm Bureau Ins Co*, 272 Mich App 106, 111; 724 NW2d 485 (2006). However, the exceptions in subsections (2), (3), and (5) supersede this general rule. *Id*. If no insurance is available, a person may obtain benefits through the Assigned Claims Facility, which is the insurer of last priority. MCL 500.3172; *Cason v Auto Owners Ins Co*, 181 Mich App 600, 610; 450 NW2d 6 (1989).

All parties agree that because Hughes and Slack were operators of motor vehicles in the business of transporting passengers, parties must first look to subsection (2). However, because the vehicles in both cases were uninsured, that subsection does not apply. At issue, then, is whether a party must progress through the other subsections of MCL 500.3114. Titan argues that other subsections of the statute indeed apply and because insurance is not available under subsection (1), subsection (4) should apply. Under this reading of the statute, American Country would be liable under MCL 500.3114(4)(a), because it insured other vehicles owned by Safe Arrival and Bronco Express. See *Farmers Ins Exch v Farm Bureau Ins Co*, 272 Mich App at 113-114; *Pioneer State Mut Ins Co v Titan Ins Co*, 252 Mich App 330, 335-337; 652 NW2d 469 (2002). American Country counters that there is no indication in the statute that once it is determined that insurance is unavailable pursuant to subsection (2), subsection (4) applies. It argues that because there is no insurance available pursuant to subsection (2), Titan, as the assigned insurer, is responsible.

In Docket No. 319342, the circuit court held that because subsection (2) was the most relevant subsection given the circumstances of this case, it was "the only provision that applies to [Hughes's] injuries." The court concluded that because there was no insurance available pursuant to subsection (2), the Assigned Claims Facility was responsible for Hughes's claim. The court also reasoned that there was nothing in MCL 500.3114 indicating that if insurance is not available under subsection (2) that subsection (4) would then apply.

In Docket No. 321598, the circuit court reached the opposite conclusion. American Country had relied on "[e]xcept as provided in subsections (1) to (3)," found at the beginning of subsection (4), to argue that if subsections (1) through (3) could apply but insurance was not available, subsection (4) would not apply. The court rejected that argument, saying that it "would make that particular provision of four mean that if anyone, for whatever reason, could show that for subparagraph 1 or subparagraph 3 that there was not an insurer available that somehow that would accept [sic] that individual . . . from resorting to subsection (4)." The court said that it did not "believe that the language as relates to the quoted passage is saying that an individual is precluded from using four if it could theoretically fall within the purview of one, two, or three." The court accordingly held that because insurance was not available under subsections (1) through (3), subsection (4) applied, and American Country was responsible for the claim.

Turning for guidance to cases looking to the interaction of other subsections of the statute, we discern a general rule that where an exception to subsection (1) should apply but insurance is not available, the general rule of subsection (1) applies. In *Auto-Owners Ins Co v Lombardi Food Serv, Inc*, 137 Mich App 695, 696-697; 358 NW2d 923 (1984), an employee was injured while riding in a truck that was owned or leased by his employer, and thus subsection (3) would have been applicable. However, the employer had failed to insure the truck. *Id*. at 696. The Court held that the employee's personal insurer was liable under subsection (1). *Id*. at 697. See also *Parks v Detroit Auto Inter-Ins Exch*, 426 Mich 191, 206; 393 NW2d 833 (1986) (stating that where no insurance is available pursuant to subsection (3), the employee is entitled to benefits from his personal insurer under subsection (1)). In *Frierson v West American Ins Co*, 261 Mich App 732, 733-737; 683 NW2d 695 (2004), the plaintiff was injured while a passenger on a motorcycle in an accident involving a motor vehicle, and thus subsection (5) would have been applicable. However, the insurers who would have been liable under that subsection were unidentifiable. *Id*. at 737. The Court held that under *Parks*, the plaintiff's personal insurer was liable under subsection (1). *Id*. at 737-738. In addition, the Court broadly stated, "[W]hen an insurer that would be liable under one of the exceptions in MCL 500.3114(1) cannot be identified, the general rule applies and the injured party must look to her own insurer for personal protection insurance benefits." *Id*. at 738. As applied in the present case, because there is no identifiable insurance under subsection (2), if Hughes and Slack had personal insurers, they would be responsible for their benefits under subsection (1).

Caselaw demonstrates that where subsection (1) applies but an insurer is not available, as is the case here, subsection (4) applies next. See *Michigan Mut Ins Co v Farm Bureau Ins Group*, 183 Mich App 626, 630; 455 NW2d 352 (1990) (stating that where insurance is not available under subsection (1), subsection (4) applies). In *Parks*, 426 Mich at 203 n 3, our Supreme Court stated, "Those injured while occupants of motor vehicles must look to the rules provided in subsections 1, 2, and 3 before applying the priorities listed in subsection 4."

(Emphasis omitted.)  Indeed, this Court has stated that subsections (1) and (4) together establish "the general order of priority." *Michigan Mut Ins Co*, 183 Mich App at 631.  Thus, if an exception provided in subsections (2), (3), or (5) would apply but insurance is not available, subsections (1) and (4) apply in tandem.

It is always possible that a person injured in a motor vehicle accident will have a personal policy and insurance will thus be available under subsection (1).  Under American Country's argument, because subsection (1) could theoretically apply, subsection (4) could never apply.  This Court must avoid an interpretation that would render statutory language surplusage. *Robinson v City of Lansing*, 486 Mich 1, 21; 782 NW2d 171 (2010).  Instead, subsection (4) plainly governs which insurance applies when insurance is unavailable under subsection (1).  That is, "[e]xcept as provided in subsection (1) to (3)" at the beginning of subsection (4) means "if insurance is not available under subsections (1) to (3)."  As applied in the present case, under subsection (4), because American Country insured other vehicles owned by Safe Arrival and Bronco Express, it is responsible for the claims in these cases.

We reverse in Docket No. 319342 and affirm the lower court in Docket No. 321598.  We remand Docket No. 319342 for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Cynthia Diane Stephens